UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARAD OLI (A# 246-012-563),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-00377-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 10) |

Petitioner, while a federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 23, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) On July 28, 2026, Respondents filed objections to the findings and recommendations, merely stating that they object "[f]or the reasons set forth in Respondents' previous briefing." (ECF No. 11.) However, those arguments were already addressed and rejected by the magistrate judge and the undersigned in this case and in other cases. (ECF Nos. 8, 10.) Indeed, noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v.*

*Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Moreover, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 23, 2026 (ECF No. 10), are ADOPTED;

2. Petitioner Sharad Oli (A-246-012-563)'s petition for a writ of habeas corpus (ECF No. 1) is GRANTED;[1]

---

[1] Because the court is granting the petition on the due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

3. The preliminary injunctive relief previously granted (ECF No. 8) is made permanent;

4. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, and Petitioner receives notice of that final order of removal; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 16, 2026**

Dena Coggins
United States District Judge